UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAURIE L CLOUTIER and
A. M. C,

          Plaintiffs,

v.                                         Case No. 08-C-0768

MARINETTE COUNTY HEALTH AND
HUMAN SERVICES and MARINETTE
CITY POLICE DEPARTMENT,

          Defendant.

**ORDER**

Plaintiff Laurie L. Cloutier has brought an action on behalf of herself and her minor son A.M.C., under 42 U.S.C. § 1983. She has also filed a motion for leave to proceed *in forma pauperis*, and a motion to appoint counsel. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Cloutier has filed the required affidavit of indigence. Upon review of her affidavit, I am satisfied that she meets the poverty requirements of 28 U.S.C. § 1915. Therefore, her motion to proceed *in forma pauperis* will be granted.

I nevertheless maintain a duty to "screen" all complaints under 28 U.S.C. § 1915(e)(2) to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiffs allege that the Defendants, Marinette County Health and Human Services and the Marinette City Police Department, violated the civil rights of A.M.C. by failing to take action to prevent or correct child abuse at his elementary school, despite the fact that both defendants were made aware of the abuse. But the Supreme Court has held that allegations of this kind do not state a claim under § 1983. In *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189

2

(1989), the Court held that a boy who was beaten and permanently injured by his father could not maintain an action under § 1983 against social workers and other local officials who received complaints that the boy was being abused by his father and had reason to believe that was the case, but nonetheless did not act to remove the boy from his father's custody. The Court explained that while the Constitution protects the people from oppression at the hands of the state, it does not ensure that the state protects its citizens from each other. *Id*. at 196. It does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id*.

Here, the plaintiffs allege that Marinette County Health and Human Services and the Marinette City Police Department failed to take adequate steps to protect A.M.C. from abuse at the hands of teachers at his elementary school. Under *DeShaney*, it is clear that such allegations fail to state a cognizable claim for relief under 42 U.S.C. § 1983. Accordingly, the plaintiffs' motion to appoint counsel will be denied as moot, and the complaint dismissed.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**.

**IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Dated this   16th   day of September, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3

Case 1:08-cv-00768-WCG   Filed 09/16/08   Page 3 of 3   Document 4